UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>FOSAMAX PRODUCTS LIABILITY LITIGATION | MASTER FILE:<br>NO. 1:06-MD-01789-JFK-JCF<br><br>This document relates to<br>*Brodin v. Merck & Co., Inc.*<br>Case No.: 1:07-CV-03466-JFK<br><br>*Casey v. Merck & Co., Inc.*<br>Case No.: 1:08-CV-00896-JFK<br><br>*DeLoriea v. Merck & Co., Inc.*<br>Case No.: 1:08-CV-09728-JFK<br><br>*Quarles v. Merck & Co., Inc.*<br>Case No.: 1:07-CV-11334-JFK |

## VIRGINIA PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MERCK'S CASE-SPECIFIC MOTION FOR SUMMARY JUDGMENT

Plaintiffs, all citizens of the Commonwealth of Virginia, hereby oppose Merck's motion for summary judgment against them. Merck's motion is based on Virginia's two-year statute of limitations, which it says begins to run from the date of the injury. Merck fails to note, however, that the statute of limitations should be tolled under the doctrine of *American Pipe*, because there was a nationwide class action pending before the Court at the time Plaintiffs' cases were filed. With the statute of limitations tolled, Plaintiffs' cases were timely filed, and Merck's motion should be denied.

# ARGUMENT

I. **EQUITABLE TOLLING UNDER *AMERICAN PIPE* SERVES TO EXTEND THE STATUTE OF LIMITATIONS SO THAT PLAINTIFFS' CLAIMS ARE TIMELY FILED.**

   A. **The Pendency of a National Personal Injury Class Complaint Tolled the Statute of Limitation by 28 Months.**

Merck's statute of limitations argument does not take into account the critical fact that the statute of limitations was tolled during the pendency of the nationwide personal injury class that was filed on September 15, 2005 and declined to be certified by the Court on January 28, 2008. (Pls.' R. 56.1 Statement ¶¶ 13, 14.) With this 28-month tolling period properly taken into account, all four cases were timely filed under *American Pipe and Constr. Co. v. Utah*, 414 U.S. 538 (1974).

*American Pipe* stands for the proposition that the filing of a complaint alleging class action claims "suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Id.* at 554. Plaintiffs were indisputably putative members of this nationwide class because they live in the United States and suffered the personal injuries alleged in the class complaint. All four cases timely because of the tolling of the statute during the pendency of the class allegations:[1]

- ***Brodin.*** Roberta Brodin suffered her injury on March 1, 2004. Two years plus 28 months yields a statute of limitations date of July 1, 2008. This suit was filed on May 1, 2007.

- ***Casey.*** Ora Casey's ONJ developed in June 2004. Adding two years and 28 months to that date yields a statute of limitations date of October 2008. *Casey* was filed on January 25, 2008.

---

[1] For convenience of calculation, Plaintiffs will use an even 28 months although the precise length of tolling was 865 days, or approximately 28 months and thirteen days.

1

- ***DeLoreia.*** Dorothy DeLoriea's necrotic bone developed October 29, 2004. (See Section I.B, below.) Adding two years and 28 months to that date yields a statute of limitations date of March 1, 2009. *DeLoreia* was filed on November 12, 2008.

- ***Quarles.*** Rebecca Quarles suffered her injury on October 31, 2003. The statute of limitations ran two years and 28 months later, or approximately March 2008. Her suit was filed on December 17, 2007.

The Court need not even accept Plaintiffs' math to conclude that three of these suits were timely filed, for the Second Circuit recently confirmed that, where a pending class action was timely filed, <u>any</u> individual suit filed before the class certification decision is made is also timely filed under *American Pipe*. *In re Worldcom Sec. Litig.*, 496 F.3d 245, 252 (2d Cir. 2007) ("The question is whether a plaintiff . . . is deprived of the benefit of the tolling provided by the *American Pipe* doctrine if it filed its own individual action <u>before</u> the motion for class certification was resolved." - emphasis added.) Three of the Plaintiffs' actions was filed before the Court's class certification order on January 28, 2008.

The rationale for the *American Pipe* tolling doctrine is straightforward. "Class members are permitted—even encouraged—to rely on the class plaintiffs to advance their claims, and the initiation of a class suit gives defendants all the information they need to prepare their defense." *Id.* at 254. The Virginia Plaintiffs here were entitled to assume that the class representatives in the putative nationwide class action would adequately represent their interests. Class members continue to receive the benefit of tolling until they either opt out or the class definition excludes them. *380544 Canada, Inc. v. Aspen Technology, Inc.*, 544 F. Supp.2d 199, 213 (S.D.N.Y. 2008) (Keenan, J.).

2

Plaintiffs agree with Merck that New York's choice-of-law rules govern this diversity action, *see* N.Y. C.P.L.R. § 202, and that § 202 selects the shorter of the New York's and Virginia's statutes of limitations—here, Virginia's two-year period for personal injury claims. Va. Code Ann. § 8.01–243(A). However, New York also has long followed the tolling rules of *American Pipe*. *Cullen v. Margiotta*, 811 F.2d 698, 719–20 (2d Cir. 1987) (applying *American Pipe* to state law statute of limitation); *Yollin v. Holland Am. Cruises*, 97 A.D.2d 720, 720–21 (N.Y. 1st App. Dep't 1983); *Paru v. Mut. of Am. Life Ins. Co.*, 52 A.D.3d 346, 348 (N.Y. 1st App. Dep't 2008). New York courts apply *American Pipe* to decisions regarding the tolling of statutes of limitation. *Yollin* (contract claims); *Paru* (contract claims); *Snyder v. Town Insulation, Inc.*, 81 N.Y.2d 429, 432 (N.Y. 1993) (products liability tort claims).

Independent of the New York adoption of the tolling principles, federal courts also adopt the *American Pipe* doctrine and apply it to state-law causes of action presented in federal court. *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 265 (7th Cir. 1998) (applying tolling to contract claims); *Loengard v. Santa Fe Indus., Inc.*, 573 F. Supp. 1355, 1359 (S.D.N.Y. 1983) (applying tolling to breach of fiduciary duty claims); *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1230–31 (10th Cir. 2008) (following *In re Worldcom* in tolling state-law claims). Just two months ago, a New York district court applied the same New York choice of law rules to find tolling applicable to Arkansas personal injury claims in a defective drug MDL. *In re Zyprexa Prods. Liab. Litig.*, Nos. 04-MD-1596 and 05-CV-5305, 2009 WL 1425202, at *7 (E.D.N.Y. May 21, 2009). The plain language of *American Pipe* does not limit its

3

application to federal statutes of limitation and this Court should apply *American Pipe* to those cases pending in federal court.

Finally, it is appropriate to toll the statute of limitations in these cases because that is consonant with established federal jurisprudence. The Second Circuit held in *Cullen* that a district court sitting in diversity should apply a state's statute of limitations "so long as federal policy is not thereby offended." *Cullen*, 811 F.2d at 719. And it is established federal policy that fairness dictates a statute of limitations should be equitably tolled while a putative class action is pending. *Am. Pipe*, 414 U.S. at 554 ("the rule most consistent with federal class action procedure must be" equitable tolling during a class action's pendency); *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 352 (1983) (noting that "a tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations" and without tolling, there would be "a needless multiplicity of actions"); *In re Worldcom*, 496 F.3d at 254 ("the tolling required by *American Pipe* . . . applies also to class members who file individual suits before class certification is resolved"). Failure to toll the statute of limitations in Plaintiffs' actions would do violence to the principle set forth by the Supreme Court and Second Circuit.

### B. Defendant Incorrectly Calculates the Onset of Injury Date for Plaintiff DeLoriea.

Under Virginia law, Defendant has the "burden of proof to establish facts necessary to prevail on a statute of limitations plea." *Lo v. Burke*, 455 S.E.2d 9, 12 (Va. 1995); *Locke v. Johns-Manville Corp.*, 275 S.E.2d 900, 906 (Va. 1981). In this case, because Plaintiff's necrotic bone - - ONJ - - did not develop until the earliest, October 29, 2004, the accrual date is improperly calculated by Defendant as occurring on the date of

tooth extraction (May 24, 2004) rather than on the date the necrotic bone manifested (October 29, 2004). *See Lo*, 455 S.E.2d at 12-13 (holding that statute of limitation did not commence running with the existence of a mis-diagnosed cyst until the cyst become malignant); *Locke*, 275 S.E.2d at 906 (holding that statute of limitation did not begin running with the inhalation of asbestos fibers attaching to the lungs, but with the onset of the cancer mesothelioma).

On May 24, 2004, Plaintiff Deloreia had a tooth (number 18) extracted by Dr. John Alexander. (Exh. C, Records from Dr. John Alexander, p. 30.) On June 1, 2004, the area was noted to be healing well. (Exh C, p. 29.) Throughout July 2004 and August 2004, the extraction site was tender but otherwise recovering well. (Exh. C, pp. 27-28.) It was not until September 3, 2004, that patient stated that she felt a small bump under her left jaw. (Exh. C, p. 27.) However, on September 17, 2004, the area was doing much better and healing over. (Exh. C, p. 26.)

On October 29, 2004, Mrs. DeLoriea underwent surgery and the surgeon removed three pieces of necrotic bone from her jaw. (Exh. C, p. 22.) This is the firm time any necrotic bone was found to exist. She had an additional debridement in the tooth 18 area on February 9, 2005. (Exh. C, p. 12.) She continued having problems throughout 2005. (Exh. C, p. 9.)

In the Summer of 2008, Dr. Alexander referred her to oral surgeon, Dr. John Truitt. (Exh. D, Records from Dr. John Truitt, p. 15.) Mrs. Deloriea was diagnosed as having chronic inflammation and infection secondary to bisphosphonate induced osteonecrosis. (Exh. D, p. 2; Exh. E, Records from Dr. Mark Gentz, p. 2.)

5

Defendant bears the burden of proof and, as no individual discovery in this case has been done (see CMO 15 objection at Section II, below) or is permitted to be done under the CMOs in this litigation, Defendant cannot prove that Plaintiff had necrotic bone at any time prior to October 29, 2004. Therefore, this Court should find that the earliest trigger date for Plaintiff DeLoriea's statute of limitation is October 29, 2004.

For these reasons, Plaintiffs' actions are timely filed.

## II.   MERCK'S MOTION VIOLATES THE COURT'S CASE MANAGEMENT ORDER NO. 15.

In CMO #15, the Court set a schedule for *Daubert* motions and dispositive motions in the three trial pool cases. For all other motions, the Court provided:

> Other dispositive motions may be filed only on issues of general applicability and/or in the cases in the early trial selection pool or the back-up pool.

*Brodin*, *Casey*, *DeLoreia,* and *Quarles* are not cases in either of these pools and Merck's motion therefore is not permitted under CMO #15. Plaintiffs submit that Merck's arguments should be heard upon transfer or remand of these three cases at the conclusion of this MDL litigation, not now in violation of the Court's order.

## III.   CONCLUSION.

Plaintiffs Brodin, Casey, and Quarles timely filed their individual actions before the class certification decision and should receive the benefit of equitable tolling of the statute of limitations.

Therefore's, this Court should deny Defendant's Motion for Summary Judgment as to these plaintiffs should be denied or, in the alternative, strike the motion until such time as individual discovery has been completed in those four cases.

RESPECTFULLY SUBMITTED, this 23rd day of July, 2009.

BY: _____
TIMOTHY M. O'BRIEN
Florida Bar No.: 055565
LEVIN PAPANTONIO THOMAS MITCHELL
ECHSNER & PROCTOR, P.A.
316 South Baylen Street Suite 600
Pensacola, FL 32502-5996
(850) 435-7084 (direct dial)
(850) 436-6084 (direct fax)
tobrien@levinlaw.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on this 23d day of July, 2009, I served all counsel of record by filing the foregoing pleading using this Court's ECF system, and by mailing a copy of the same by first class U.S. Mail to the following:

| | |
|---|---|
| VENABLE, LLP | HUGHES HUBBARD & REED, LLP |
| Paul F. Strain, Esq. | Norman C. Kleinberg |
| M. King Hill, III, Esq. | Theodore V. H. Mayer |
| David J. Heubeck, Esq. | William J. Beausoleil |
| 750 E. Pratt Street Suite 900 | One Battery Park Plaza |
| Baltimore, MD 21202 | New York, NY 10004-1482 |

LEVIN PAPANTONIO THOMAS MITCHELL ECHSNER & PROCTOR, P.A.

_____
TIMOTHY M. O'BRIEN
Florida Bar No.: 055565
316 South Baylen Street Suite 600
Pensacola, FL 32502-5996
(850) 435-7084 (direct dial)
(850) 436-6084 (direct fax)
tobrien@levinlaw.com