Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

*Attorneys for Defendant Merck Sharp & Dohme Corp.*
*(formerly known as Merck & Co., Inc.)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FOSAMAX PRODUCTS ) | |
| LIABILITY LITIGATION ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | MDL NO. 1789 |
| *This Document Relates to:* ) | 1:06-md-1789 (JFK) |
| ) | |
| *John Casey, Individually and as Administrator* ) | |
| *of the Estate of Ora Casey v. Merck & Co., Inc.* ) | |
| Case No: 1:08-cv-00896-JFK ) | |
| ) | |
| *Roberta and Thomas Brodin v. Merck & Co., Inc.* ) | |
| Case No. 1:07-cv-03466-JFK ) | |
| ) | |
| *Dorothy C. DeLoriea v. Merck & Co., Inc* ) | |
| Case No. 1:08-cv-09728-JFK ) | |
| ) | |
| *Rebecca Quarles and Robert Schnurr,* ) | |
| *her husband v. Merck & Co., Inc.* ) | |
| Case No. 1:07-cv-11334-JFK ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MERCK'S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Defendant Merck Sharp & Dohme Corp (formerly known as Merck & Co., Inc.) ("Merck"), through its undersigned counsel, hereby files this supplemental memorandum in support of its motion for summary judgment on all claims advanced by plaintiffs John Casey ("Casey"), Roberta and Thomas Brodin ("Brodin"), Dorothy Deloriea ("Deloriea"), and Rebecca and Robert Quarles ("Quarles") (collectively, "Plaintiffs"). On February 9, 2010, the Court requested that the parties submit briefing as to whether Virginia law recognizes a cause of action for loss of consortium and, if so, what limitations period would apply. Loss of consortium claims were pled by husbands of the Fosamax plaintiffs in the *Casey*, *Brodin*, and *Quarles* cases. As discussed below, Virginia does not recognize loss of consortium as a viable cause of action. In any event, even if such a cause of action did exist in Virginia, it would be governed by the same two-year statute of limitations that applies to the negligence and other personal injury claims brought in these cases. Summary judgment therefore should be entered with respect to Plaintiffs' claims of loss of consortium.

I.  **Virginia Does Not Recognize A Cause of Action For "Loss Of Consortium."**

In Virginia, the common-law right of action for loss of consortium has been abrogated by statute. Va. Code Ann. § 55-36 states that "[i]n an action by a married woman to recover for a personal injury inflicted on her she may recover the entire damage sustained including the personal injury and expenses arising out of the injury, whether chargeable to her or her husband, notwithstanding the husband may be entitled to the benefit of her services about domestic affairs and consortium," and "no action for such injury, expenses or loss of services or consortium shall be maintained by the husband."

The Virginia Supreme Court observed in 1950 that the above-referenced statute eliminated the cause of action for loss of consortium. *Floyd v. Miller*, 190 Va. 303, 307, 57 S.E.2d 114, 116 (1950) (noting that the right of the husband "to recover for loss of domestic

services . . . was thereby expressly taken from him"). Since then, Virginia state courts have repeatedly rejected claims of loss of consortium, including efforts to recast such claims as "emotional distress." *See, e.g., Villnow v. DeAngelis*, 55 Va. Cir. 324, 2001 WL 34037316 at *3 (Va. Cir. Ct., Norfolk 2001) (rejecting a husband's attempt to recover "emotional distress damages for witnessing and living with his life's injuries" because "the claim is akin to a claim for loss of consortium, which is not recognized in Virginia"); *Chen v. Genetics & IVF Inst., Inc.*, 40 Va. Cir. 410, 1996 WL 1065627 at *2 (Va. Cir. Ct., Fairfax Cty. 1996) ("where there is no allegation of physical injury to the husband or of willful or wanton conduct, Virginia law does not recognize a cause of action for a husband's emotional distress arising from the loss of his ability to father natural children with his wife as a result of a negligently-performed in vitro fertilization procedure on the wife").[1] Summary judgment should be entered with respect to the loss of consortium claims because Virginia does not recognize such a cause of action.

## II. Even if Virginia Recognized a Cause Of Action For Loss Of Consortium, Such a Claim Would be Time Barred.

Because loss of consortium is not a recognized cause of action in Virginia, there is no need to determine what limitations period would apply if such a claim existed. *See Bolen v. Bolen*, 409 F. Supp. 1374, 1375 (W.D. Va. 1976) (finding that wife's personal injury claims were barred by Virginia's two-year limitations period, but that the Court "need not determine"

---

1. While the statute refers to a husband's claim for loss of consortium, Va. Code Ann. § 55-36 has been held to also eliminate a wife's claim for loss of consortium as well. *See Carey v. Foster*, 345 F.2d 772, 777 (4th Cir. 1965) ("If the legislative intention had been to allow the wife to recover damages for her husband's loss of her consortium in its intangible aspects and retain them for her own use, surely it would have provided a concomitant right of the husband to recover for his wife's loss of his consortium."); *Wolford v. Budd Co.*, 149 F.R.D. 127, 131 (W.D. Va. 1993) (stating that "under the Code of Virginia and judicial interpretations thereof, neither spouse may recover for loss of consortium arising out of injury to the other spouse," and dismissing wife's loss of consortium claim); *Musick v. United States*, 781 F. Supp. 445, 452 (W.D. Va. 1991) (same).

whether husband's loss of consortium claim was time-barred "for it is clear that under Virginia law Mr. Bolen has no cause of action for his wife's medical expenses or the loss of his wife's services or consortium"). However, even if Virginia *did* recognize a cause of action for loss of consortium (which it does not), it would be governed by the same two-year limitations period as the direct claims brought by the spouse, and therefore time-barred here, for two reasons.

First, loss of consortium is a derivative claim and therefore would be subject to the same limitations period as the claims from which it derives. *See Iannello v. Busch Entm't Corp.*, 300 F. Supp. 2d 400, 402-03 (E.D. Va. 2004) (concluding, when determining which state's tort law should govern claims, that "[u]nder Virginia conflicts law, an action for loss of consortium is derivative of the spouse's action for personal injuries, and both are governed by the law of the place where the personal injuries are suffered," and dismissing claim for loss of consortium because "in Virginia, a husband's common-law right of action for loss of consortium has been abrogated by statute"); *see also Moore v. Exxon Transp. Co.*, 502 F. Supp. 583, 587 n.2 (E.D.Va. 1980) (noting in case arising under admiralty law that "the general rule is that actions by the wife for loss of consortium are barred if the husband's claim for personal injuries is time-barred").

Second, under Virginia law, *all* claims for personal injuries are governed by the two-year statute of limitations, regardless of the theory of recovery. *See* Va. Code Ann. § 8.01-243 ("Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues."). Thus, even if loss of consortium were a recognized cause of action in Virginia, the claims in these cases would be barred by limitations for the same reasons set forth in Merck's opening and reply memoranda.

**CONCLUSION**

For the foregoing reasons, and those set forth in Merck's opening and reply memoranda, Merck asks that the Court enter summary judgment as to all claims by each Plaintiff in these cases.

DATED:   New York, New York
         February 22, 2010

>Respectfully submitted,
>
>HUGHES HUBBARD & REED LLP
>
>By:_____/s/_____
>     Norman C. Kleinberg
>     Theodore V. H. Mayer
>     William J. Beausoleil
>
>One Battery Park Plaza
>New York, New York 10004-1482
>(212) 837-6000
>
>Paul F. Strain
>M. King Hill, III
>David J. Heubeck
>Venable LLP
>750 East Pratt Street, Suite 900
>Baltimore, Maryland 21202
>(410) 244-7400
>
>*Attorneys for Defendant Merck Sharp & Dohme Corp. (formerly known as Merck & Co., Inc.)*